CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for Plaintiff
Travelodge Hotels, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELODGE HOTELS, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> ANITA INVESTMENTS, LLC, a Texas Limited Liability Company; NITIN JARIWALA, an individual; KANTI V. PATEL, an individual; BHAVESH K. PATEL, an individual; and JENISH B. PATEL, an individual <br><br> Defendants. | Civil Action No. 07- <br><br> **COMPLAINT** |

Plaintiff Travelodge Hotels, Inc., by its attorneys, Connell Foley LLP, complaining of defendants Anita Investments, LLC, Nitin Jariwala, Kanti V. Patel, Bhavesh K. Patel and Jenish B. Patel, says:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Travelodge Hotels, Inc. ("THI") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Parsippany, New Jersey.

2. Defendant Anita Investments, LLC ("Anita"), on information and belief, is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business at 8300 N. I-35, Austin, Texas.

3. Defendant Nitin Jariwala ("Nitin Jariwala"), on information and belief, is a principal of Anita and a citizen of the State of Texas, residing at 8300 N. I-35, Austin, Texas.

4. Defendant Kanti V. Patel ("Kanti Patel"), on information and belief, is a principal of Anita and a citizen of the State of Texas, residing at 8300 N. I-35, Austin, Texas.

5. Defendant Bhavesh K. Patel ("Bhavesh Patel"), on information and belief, is a principal of Anita and a citizen of the State of Texas, residing at 8300 N. I-35, Austin, Texas.

6. Defendant Jenish B. Patel ("Jenish Patel"), on information and belief, is a principal of Anita and a citizen of the State of Texas, residing at 8300 N. I-35, Austin, Texas.

7. Upon information and belief, Nitin Jariwala, Kanti Patel, Bhavesh Patel and Jenish Patel are the only constituent members of Anita.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 inasmuch as the plaintiff and all the defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

9. This Court has personal jurisdiction over Anita by virtue of, among other things, section 17.4 of the December 14, 1999 License Agreement by and between Anita and THI (the "License Agreement"), described in more detail below, pursuant to which Anita has consented "to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts

situated in Morris County, New Jersey and the United States District Court for the District of New Jersey . . . ."

10. This Court has personal jurisdiction over Nitin Jariwala, Kanti Patel, Bhavesh Patel and Jenish Patel by virtue of, among other things, the terms of a Guaranty (the "Guaranty"), described in more detail below, pursuant to which Nitin Jariwala, Kanti Patel, Bhavesh Patel and Jenish Patel acknowledged that they were personally bound by section 17 of the License Agreement.

11. Venue is proper in this District pursuant to section 17.4 of the License Agreement, inasmuch as that provision contains an express waiver by Anita of any objection to venue in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Agreements Between The Parties

12. On or about December 14, 1999, THI entered into the License Agreement with Anita for the operation of a 141-room guest lodging facility located at 8300 N. I-35, Austin, Texas, Site No. 9660-88914-2 (the "Facility"). A true copy of the License Agreement is attached hereto as Exhibit A.

13. In January 2003, THI entered into an Addendum to the License Agreement for Satellite Connectivity Services ("Addendum").

14. Pursuant to section 5 of the License Agreement, Anita was obligated to operate a Travelodge® guest lodging facility for a fifteen-year term.

15. Pursuant to section 7, section 18 and Schedule C of the License Agreement, Anita was required to make certain periodic payments to THI for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively, "Recurring Fees").

16. Pursuant to section 3.9 of the License Agreement, Anita was required to prepare and submit monthly reports to THI disclosing, among other things, the amount of gross room revenue earned by Anita at the Facility in the preceding month for purposes of establishing the amount of royalties and other Recurring Fees due to THI.

17. Pursuant to section 3.9 of the License Agreement, Anita agreed to maintain at the Facility accurate financial information, including books, records, and accounts, relating to the gross room revenue of the Facility and, pursuant to sections 3.8 and 4.8 of the License Agreement, Anita agreed to allow THI to examine, audit, and make copies of the entries in these books, records, and accounts.

18. Pursuant to section 9 of the License Agreement, Anita could not lease the Facility, nor engage in any change, assignment, transfer, conveyance, or pledge of its interest, except with THI's prior written consent. Any attempted transfer, assignment, conveyance, or pledge not in accordance with section 9 of the License Agreement would be void as between THI and Anita, and would give THI the right to terminate the License Agreement.

19. Pursuant to section 11.2 of the License Agreement, THI could terminate the License Agreement, with notice to Anita, if Anita (a) discontinued operating the Facility as a Travelodge guest lodging establishment or (b) lost possession or the right to possession of the Facility.

- 4 -

1829056-01

20. Pursuant to section 12.1 of the License Agreement, Anita agreed that, in the event of a termination of the License Agreement pursuant to section 11.2, it would pay liquidated damages to THI in accordance with a formula specified in the License Agreement.

21. Section 18.1 specifically capped liquidated damages for the Facility at $100,000.00.

22. Pursuant to section 13(c) of the Addendum, Anita agreed to pay "Addendum Liquidated Damages" in the amount of $1,000.00.

23. Pursuant to section 7.3 of the License Agreement, Anita agreed that interest is payable "on any past due amount payable to [THI] under this Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid."

24. Pursuant to section 17.4 of the License Agreement, Anita agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement."

25. Effective as of the date of the License Agreement, Nitin Jariwala, Kanti Patel, Bhavesh Patel and Jenish Patel provided THI with a Guaranty of Anita's obligations under the License Agreement ("Guaranty"). A true copy of the Guaranty is attached hereto as <u>Exhibit B</u>.

26. Pursuant to the terms of the Guaranty, Nitin Jariwala, Kanti Patel, Bhavesh Patel and Jenish Patel agreed, among other things, that upon a default under the License

- 5 -

Agreement, they would "immediately make each payment and perform or cause Licensee to perform, each unpaid or unperformed obligation of Licensee under the Agreement."

27. Pursuant to the terms of the Guaranty, Nitin Jariwala, Kanti Patel, Bhavesh Patel and Jenish Patel agreed to pay the costs, including reasonable attorneys' fees, incurred by THI in enforcing its rights or remedies under the Guaranty or the License Agreement.

### The Defendants' Defaults and Termination

28. On or about December 14, 2004, Anita transferred the Facility, without prior consent from THI, to a third party.

29. By transferring the Facility, without prior consent from THI, Anita unilaterally terminated the License Agreement.

### **FIRST COUNT**

30. THI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 29 of the Complaint.

31. Pursuant to sections 3.8 and 4.8 of the License Agreement, Anita agreed to allow THI to examine, audit, and make copies of Anita's financial information, including books, records, and accounts, relating to the gross room revenue earned at the Facility.

32. The calculation of the monetary amounts sought by THI in this action is based on the gross room revenue information supplied to THI by Anita.

1829056-01

33. The accuracy of this information cannot be confirmed without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Anita.

**WHEREFORE**, THI demands judgment ordering that Anita account to THI for any and all revenue derived as a result of marketing, promoting, or selling guest lodging services at the Facility from the inception through the date of termination of the License Agreement.

### SECOND COUNT

34. THI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 33 of the Complaint.

35. On December 14, 2004, Anita terminated the License Agreement.

36. Section 12.1 of the License Agreement provides that, in the event of termination of the License Agreement due to action of the Licensee, Anita shall pay liquidated damages to THI within 30 days of termination.

37. Section 13(c) of the Addendum provides that, in the event of termination of the Addendum, Anita shall pay "Addendum Liquidated Damages" to THI within 10 days of termination.

38. As a result of the termination of the License Agreement, Anita is obligated to pay THI liquidated damages in the amount of $101,000.00, as calculated pursuant to section 18.1 of the License Agreement and section 13(c) of the Addendum.

39. Notwithstanding THI's demand for payment, Anita has failed to pay THI the liquidated damages as required in section 12.1 of the License Agreement.

1829056-01

40. THI has been damaged by Anita's failure to pay liquidated damages.

**WHEREFORE**, THI demands judgment against Anita for liquidated damages in the amount of $101,000.00, together with interest, attorneys' fees, and costs of suit.

### THIRD COUNT

41. THI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 40 of the Complaint.

42. By virtue of the premature termination of the License Agreement, THI sustained a loss of future revenue over the remainder of the 15 year term of the License Agreement.

43. If the Court determines that Anita is not liable to pay THI liquidated damages as required by section 12.1 of the License Agreement then, in the alternative, Anita is liable to THI for actual damages for the premature termination of the License Agreement.

44. THI has been damaged by Anita's breach of its obligation to operate a Travelodge guest lodging facility for the remaining term of the License Agreement.

**WHEREFORE**, THI demands judgment against Anita for actual damages in an amount to be determined at trial, together with interest, attorneys' fees, and costs of suit.

### FOURTH COUNT

45. THI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 44 of the Complaint.

1829056-01

46. Pursuant to the terms of the Guaranty, Nitin Jariwala, Kanti Patel, Bhavesh Patel and Jenish Patel agreed, among other things, that upon a default under the License Agreement, they would immediately make each payment and perform each obligation required of Anita under the License Agreement.

47. Despite their obligation to do so, Nitin Jariwala, Kanti Patel, Bhavesh Patel and Jenish Patel have failed to make any payments or perform or cause Anita to perform each obligation required under the License Agreement.

48. Pursuant to the Guaranty, Nitin Jariwala, Kanti Patel, Bhavesh Patel and Jenish Patel are liable to THI for Anita's liquidated damages in the amount of $101,000.00, or actual damages in an amount to be determined at trial.

**WHEREFORE**, THI demands judgment against Nitin Jariwala, Kanti Patel, Bhavesh Patel and Jenish Patel for damages in the amount of all liquidated damages or actual damages due and owing under the License Agreement, together with interest, attorneys' fees, and costs of suit.

CONNELL FOLEY LLP
Attorneys for Plaintiff
Travelodge Hotels, Inc.

By: _____
JEFFREY L. O'HARA

Dated: 8/20/07

1829056-01

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

CONNELL FOLEY LLP
Attorneys for Plaintiff
Travelodge Hotels, Inc.

By: _____
JEFFREY L. O'HARA

Dated: 8/20/07

## DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1

Pursuant to Federal Rule of Civil Procedure 7.1 and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Plaintiff, Travelodge Hotels, Inc. (a private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held:

Wyndham Worldwide Corporation

CONNELL FOLEY LLP
Attorneys for Plaintiff,
Travelodge Hotels, Inc.

By: _____
JEFFREY L. O'HARA

Date: 8/20/07

- 10 -

1829056-01